## United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs.**     Docket No.     **SA CR05-182(A)-AHS**

**Defendant**   **GEORGE STEVEN KOOSHIAN**     Social Security No.  **0**  **2**  **4**  **0**
akas: _____     (Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

|  | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | FEB. | 22 | 2010 |

**COUNSEL**   [X] WITH COUNSEL     **Mark S. Hardiman, Rtnd.**
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of [X] **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Health Care Fraud, Aiding and Abetting and Causing an Act to be Done in violation of 18 USC §§ 1347, 2 as charged in Counts 1 and 2; False Statements Related to Health Care Matters in violation of 18 USC § 1035 as charged in Counts 3 and 4 of the 4-Count First Superseding Information.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

```
     Fifteen (15) months.  This term consists of fifteen (15) months on Counts 1
through 4 of the 4-Count First Superseding Information, all such terms to be
served concurrently.

     IT IS FURTHER ORDERED that the defendant shall pay to the United States a
special assessment of $400, which is due immediately.

     IT IS FURTHER ORDERED that defendant shall pay restitution forthwith in the
total amount of $660,955.00 to victims as set forth in a separate victim list
prepared by the probation office which this Court adopts and which reflects the
Court's determination of the amount of restitution due to each victim.  The
victim list, which shall be forwarded to the fiscal section of the clerk's
office shall remain confidential to protect the privacy interests of the
victims.

     IT IS FURTHER ORDERED that the defendant shall be held jointly and
severally liable with co-participant, Virgilio Opinion (Docket No. SA CR 05-182-
AHS) for the amount of restitution ordered in this judgment.  The victims'
recovery is limited to the amount of their loss and the defendant's liability
for restitution ceases if and when the victims receive full restitution.

     IT IS FURTHER ORDERED that the defendant shall pay to the United States a
total fine of $5,000, which shall bear interest as provided by law.

     IT IS FURTHER ORDERED that the defendant shall comply with the general
orders of this District and specifically with General Order No. 01-05 regarding
restitution.
```

| | |
|---|---|
| USA vs.   GEORGE STEVEN KOOSHIAN | Docket No.:   SA CR05-182(A)-AHS |

IT IS FURTHER ORDERED that upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years.  This term consists of three years on each of Counts 1 through 4, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Orders 318, 05-02 and 01-05;

2. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider with the approval of the Probation Officer;

3. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychiatric disorder to the aftercare contractor during the period of community supervision, and defendant shall provide payment and proof of payment as directed by Probation;

4. During the period of community supervision the defendant shall pay the special assessment, fine, and restitution if not already paid, in accordance with this judgment;

5. The defendant shall not be employed as a physician or at a position within the medical field, or in medical billing, during the period of supervision without advanced written approval of the Probation Officer;

6. The defendant shall notify the medical licencing entities for the State of California, and any other appropriate medical licensing or regulatory agency, of his conviction, and provide proof of such to the Probation Officer within 30 days of sentencing;

7. The defendant shall cooperate with and furnish financial information and statements to the Internal Revenue Service to determine all taxes due and owing, including interest and penalties, and shall file any past tax returns in a timely manner. The defendant shall pay in full any outstanding tax liability once assessed, including interest and penalties, or enter into an installment plan with the Collection Division of the Internal Revenue Service. This provision shall not interfere with the existing settlement/agreement between defendant and the Internal Revenue Service.

8. The defendant shall apply monies in excess of $500 received from income tax refunds to the outstanding Court-ordered financial obligation.  In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; and,

| USA vs. GEORGE STEVEN KOOSHIAN | Docket No.: SA CR05-182(A)-AHS |
|---|---|

    9.    The defendant shall cooperate in the collection of a DNA sample from his person.

    IT IS FURTHER ORDERED that the drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

    The Court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information excluding the Presentence Report, to State or local social service agencies for purpose of the defendant's rehabilitation.

    The Court RECOMMENDS that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

    IT IS FURTHER ORDERED that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on May 21, 2010. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at United States Court House, 411 West Fourth Street, Santa Ana, California 92701-4516.

    IT IS FURTHER ORDERED that bond is exonerated upon surrender and not before, with all pretrial services conditions to remain in effect.

    IT IS FURTHER ORDERED that all remaining counts/underlying indictment be dismissed.

    Defendant is informed of right to appeal, subject to terms of plea agreement.

    IT IS RECOMMENDED that the Bureau of Prisons designate confinement of defendant to CI Taft.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| February 23, 2010 | **ALICEMARIE H. STOTLER** |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                                      Clerk, U.S. District Court

| February 23, 2010 | By | Ellen N. Matheson |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. | GEORGE STEVEN KOOSHIAN | Docket No.: | SA CR05-182(A)-AHS |
|---|---|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

| USA vs. | GEORGE STEVEN KOOSHIAN | Docket No.: | SA CR05-182(A)-AHS |
|---|---|---|---|

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
    at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date                Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court
By _____

| USA vs. | GEORGE STEVEN KOOSHIAN | Docket No.: | SA CR05-182(A)-AHS |
|---|---|---|---|

Filed Date

Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                Defendant                                                         Date


_____     _____
U. S. Probation Officer/Designated Witness        Date